IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

**FILED**

**October 23, 2014**
released at 3:00 p.m.
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

_____

No. 13-0999

_____

IN RE:  THE CHILD OF STEPHEN H.  AND TAMARA P.

_____

Appeal from the Circuit Court of Ohio County
The Honorable Larry V. Starcher, Special Judge
Civil Action No. 01-D-308

AFFIRMED IN PART AND REVERSED IN PART

_____

Submitted: September 17, 2014
Filed: October 23, 2014

Robert P. Fitzsimmons, Esq.              Richard F. Neely, Esq.
Fitzsimmons Law Firm P.L.L.C.            Neely & Callaghan
Wheeling, West Virginia                  Charleston, West Virginia
Counsel for the Petitioner               Counsel for the Respondent

JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

"In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard.  We review questions of law *de novo*."  Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

Benjamin, Justice:

Petitioner Tamara P. appeals the final order of the Circuit Court of Ohio County entered September 9, 2013, that, on reconsideration of its initial ruling, overturned the September 17, 2012 final decision of the family court as it pertained to the time allotted her and Respondent Stephen H., respectively, for the parenting of the couple's daughter (the "child").[1] Stephen H. also appeals, asserting errors by the circuit court in its affirmation of changes made by the family court to the parenting plan and also in the circuit court's decision to leave intact the family court's ruling that Tamara P. continue to have sole decision-making authority over the child's extracurricular activities. Discerning no abuse of discretion on the part of the family court that would justify disturbing its allocation of parenting time, we reverse that aspect of the circuit court's order to the contrary. As to the cross-assignments of error asserted by Stephen H., in which he contends that modification of the parenting plan was procedurally improper and resulted in substantive defects continuing Tamara P.'s decision-making authority and control over the child's extracurricular activities, we affirm.

**I.**

---

[1] Consistently with our long-standing practice, we endeavor to protect the identity of the juvenile in this sensitive matter by declining to refer to her and her parents by their full names. *See, e.g.*, *Matter of Jonathan P.*, 182 W. Va. 302, 303 n.1, 387 S.E.2d 537, 538 n.1 (1989).

1

## FACTUAL AND PROCEDURAL BACKGROUND

Stephen H. established his paternity of the child through an uncontested proceeding brought shortly after her birth in 2001. A 2003 agreed order implemented a negotiated parenting plan, pursuant to which Tamara P. and Stephen H. shared custody of their daughter. By its order of December 12, 2006, incorporating on reconsideration its prior orders of July 31, 2006, and November 3, 2006, the family court refined the plan to set custodial parenting privileges for alternating weeks during the summers of 2007 and 2008, with that arrangement to last throughout the year beginning with the summer of 2009. The 2006 orders also granted Tamara P. the unfettered authority to make all decisions affecting any extracurricular activities in which the child participates. The family court's ruling was affirmed on appeal to the circuit court, and we declined to review that order.

Stephen H. filed a motion in the family court on October 27, 2011, to modify and amend the parenting plan. Tamara P.'s own motion for modification and amendment ensued on April 10, 2012. The family court conducted a hearing on June 19, 2012, and issued its final ruling on September 17, 2012. The family court's order, in pertinent part, ended the alternating-week arrangement in favor of one that afforded Stephen H. full custody of the child only every other weekend. The family court granted Tamara P. exclusive privileges during the week except for two midweek evenings, usually commencing after school but subject to variation depending on scheduled events,

2

when Stephen H. was permitted to parent his daughter for approximately six hours each evening. Stephen H. moved for reconsideration on October 15, 2012, which the family court granted in part and denied in part by its order of December 12, 2012, though it left the parenting allocation essentially unchanged.

On January 7, 2013, Stephen H. sought review by the circuit court,[2] which heard oral argument on April 19, 2013. By its order of May 10, 2013, the circuit court made additional small changes to the parenting plan. Stephen H. filed a motion for reconsideration on June 5, 2013, which was granted and resulted in supplemental oral argument on July 12, 2013. The circuit court issued its final order on the reconsideration motion on September 9, 2013 (the "order"), which, most significantly, enhanced the privileges afforded Stephen H. by extending to overnight the child's midweek stays with him, his wife, and his two sons.

Tamara P. filed a timely petition for appeal on October 4, 2013, requesting that we review the order. She assigns as error the circuit court's "overnight" modification, contending that no abuse of discretion on the part of the family court justified the amendment. Stephen H. asserted cross-assignments of error,[3] complaining

---

[2] *See* W. Va. Code § 51-2A-11(a) (2001).

[3] *See* W. Va. R. App. P. 10(f).

that the family court's cessation of the alternating-week provision was not preceded by the requisite change of circumstances, and that Tamara P.'s sole decision-making authority over extracurricular activities was imposed in violation of law.

## II.

## STANDARD OF REVIEW

Although the order entered by the circuit court provides the basis for appeal, our consideration of this matter centers on the family court's findings of fact and application of the law with respect to the parenting plan. *See* Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004) ("In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.").

## III.

## ANALYSIS

We begin with the first cross-assignment of error, wherein Stephen H. maintains that no material change in circumstances warranted the family court's reallocation of parenting hours. *See* W. Va. Code § 48-9-401(a) (2001) (authorizing plan amendment where "a substantial change has occurred in the circumstances of the child or

4

of one or both parents and a modification is necessary to serve the best interests of the child"). Stephen H. asserts this position even though it was he who initiated this most recent round of litigation by filing his own motion for modification with the family court. Notwithstanding his current argument that there was not a requisite change of circumstances to warrant a change in the parenting plan, we observe that it was counsel for Stephen H. who reminded the family court at the 2012 hearing that several years had elapsed since entry of the previous order relating to parenting, with the passage of time resulting in "very definite changes in circumstances." Counsel attempts to circumscribe the changed circumstances as pertaining merely "to this allocation on activities," meaning Tamara P.'s exclusive say as to the child's extracurricular activities. The statute, however, permits consideration and modification of an entire "parenting plan order" by the family court in such an instance. W. Va. Code § 48-9-401(a) (2001). The facts as presented in the case at bar persuade us that the family court's modifications herein were appropriate and need not have been limited in the manner advocated by Stephen H.

The family court found that the child's "movement into adolescence is a substantial change in circumstances." That finding is amply supported by the evidence. In particular, Tamara P.'s expert psychologist opined that the child's "relationships with her friends [will] become increasingly more important as she moves through the adolescent years." According to the expert, the child's nascent adolescence renders it "important at this time to do what is in the best interest of this child and also what

5

continues her ability to foster relationships with friends and continue her normal adolescent growth."

Moreover, the family court's finding is entirely consistent with our precedent. In *Skidmore v. Rogers*, 229 W. Va. 13, 21, 725 S.E.2d 182, 190 (2011), we observed that a "significant advance in age, which was not provided for in the original parenting plan, is a substantial change in circumstance on which a modification of the parenting plan order may be based." *See also Andrea H. v. Jason R. C.*, 231 W. Va. 313, 319, 745 S.E.2d 204, 210 (2013) (recognizing that, in accordance with *Skidmore*, "an advancement in age can be considered a change in circumstance sufficient to warrant a modification of custody"). The change in circumstances brought on by the child's adolescence opened the entire parenting plan to scrutiny. Consequently, we affirm the portion of the circuit court's order that left undisturbed the family court's determination that changed circumstances justified modification of the child's parenting plan.

We now consider Stephen H.'s second cross-assignment of error, relating to the child's extracurricular activities. The family court recalled that it had previously afforded Tamara P. control of those activities in no small part because the parents could not, at a fundamental level, cooperate in the decision-making process. In that vein, the family court perceived "no better cooperation between the parties as to extracurricular activities than when the original Order was entered." The family court observed in

addition that Stephen H. maintained "an inconsistent set of priorities" from Tamara P. concerning the child's participation in competitive soccer. Tamara P.'s nurturing and facilitation of her daughter's extracurricular activities persuaded the family court that she should continue to make all decisions relating thereto. Stephen H. proposed that he be allowed to select one activity for the child in counterpoint to soccer, but the family court regarded that proposal as "fraught with even more conflict, which will be harmful to [the child]." We cannot say that the family court's analysis constituted an abuse of its discretion, and we therefore reject Stephen H.'s second cross-assignment of error.

We likewise ascertain no abuse concerning the family court's discretionary allocation of parenting time. The family court was persuaded to abolish the alternating week arrangement in light of Stephen H.'s "necessary absences due to work commitments." Stephen H.'s career constraints limited his availability to "most evenings and weekends," resulting frequently in his wife having to stand in as a parenting proxy to the child. The family court reasoned that it should "instead award that time to [Tamara P.], who is available, and is the biological mother. At the same time, the family court heeded Stephen H.'s expert psychologist, who cautioned that his client's work obligations "not be looked at unfavorably." To that end, the family court sought to "maximize [the child's] time with her father" through the midweek privileges, and, by commencing the visits immediately after school, strove to "permit her some time with her brothers, even though [Stephen H.] will not be present until later in the day."

In reversing the family court's ruling on allocation, the circuit court took no explicit issue with the foregoing reasoning. It appears instead that the circuit court extended the midweek stays to overnight based on its largely unarticulated sense of fairness, bolstered by its conclusion that the extension could be accomplished with minimal additional burden. In the latter regard, the circuit court noted that "the parties live in close proximity to one another and to the [child's] School." Contrary to the view taken by the circuit court, we are convinced that the family court's dutiful consideration of the evidence and concomitant care in tailoring the parenting plan was an appropriate exercise of its discretion. We therefore reverse that portion of the circuit court's order and reinstate the allocation of time set forth in the family court's order.

## IV.

## CONCLUSION

Pursuant to the foregoing, we affirm the circuit court's order insofar as it left undisturbed the family court's determination that changed circumstances justified modification of the child's parenting plan, and insofar as it ratified the family court's decision to permit Tamara P. to continue as the sole decisionmaker pertaining to the child's extracurricular activities. We reverse the portion of the circuit court's order that, in contravention of the family court's discretionary ruling, extended Stephen H.'s

8

midweek parenting privileges to overnight stays.  There appearing no cause for the matter to be remanded, all unappealed provisions of the circuit court's order shall remain intact.

Affirmed in part and reversed in part.